UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRIAN EDWARD ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-CV-00012-JRG-CRW |
| SULLIVAN COUNTY JAIL and JEFF CASSIDY, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, an inmate of the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 raising claims arising out of issues with his wife and daughter and his loss of privileges while in protective custody [Doc. 1], as well as a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I.    FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] will be **GRANTED**.

As he is a Sullivan County Detention Center inmate, Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 220 West Market Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of

the average monthly balance in his inmate trust account for the six months before the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

Jail officials have refused to provide Plaintiff assistance with filing charges against his wife, Tabatha Arnold, for assault and for cutting him with a box cutter [Doc. 1 at 3–4]. Jail officials also have not provided Plaintiff with assistance regarding his daughter living with his wife, who "sells meth and keeps it in the home around [Plaintiff's] daughter, lets her boyfriend smoke around [Plaintiff's] daughter, and [] may have a meth lab as well" [*Id.* at 4]. Lastly, Plaintiff states that he is in a cell that is in "the hole in the jail" because gang-affiliated inmates have threatened his life, and he has "no privileges, no visits, no phones, no tablets, no comm[is]sary, and only get[s] out of [his] cell [one] hour a day," even though he has done nothing wrong, and correctional officers tell Plaintiff that is "just how it is" [*Id.*].

### C. Analysis

First, while Plaintiff has named Sheriff Jeff Cassidy as a Defendant, this Defendant cannot be liable for actions of others based solely on his position as Sheriff, and Plaintiff has not set forth any factual allegations from which the Court can plausibly infer that this Defendant was personally involved in any violation of Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable

3

for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to this Defendant.

Also, while Plaintiff has named the Sullivan County Jail as a Defendant, this is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Moreover, Plaintiff does not allege that a custom or policy of Sullivan County has caused any violation of his constitutional rights, such that the Court could liberally construe the complaint to state a claim upon which relief may be granted under § 1983 against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Additionally, to the extent that Plaintiff complains about being placed in protective housing without due process, he has failed to allege a constitutional violation. Specifically, in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court found that a prisoner is entitled to the protections of due process only when a sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because that placement did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005). Nothing in Plaintiff's complaint allows the Court to plausibly infer that the conditions of Plaintiff's confinement without

4

certain privileges imposes an atypical hardship on Plaintiff relative to ordinary prison life, such that he was entitled to due process protections prior to that placement.

Thus, the complaint fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

## II.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
